UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYRIL DANIELS, and
SHILIKA HURD, Personal
Representative of the ESTATE of
JOSHUA HURD, deceased.

       Plaintiffs,                              Case No.
                                            Hon.

-vs-                                       Mag.

CITY OF DETROIT
OFFICER CHRISTOPHER DODD,
in his individual capacity, SERGEANT
SCOTT BARRICK, in his individual
capacity, SERGEANT SEDERICK
DUNBAR, in his individual capacity,
OFFICER TERRANCE BARMORE,
in his individual capacity, OFFICER
GARNETTE STEEN, in his individual
capacity, OFFICER BRANDON YAX,
in his individual capacity, OFFICER
ELMONDO SMITH, in his individual
capacity, OFFICER KAIRY ROBERTS,
in his individual capacity, OFFICER
RYAN WALDEN, in his individual capacity,
OFFICER LAMAR HARRIS, in his
individual capacity, OFFICER
YOUSSEIF BERRO, in his individual
capacity, OFFICER ELLEN BROW,
in his individual capacity and
OFFICER D. CHESTER, in his individual
capacity,
                     Defendants.

1

ZACHARY T. RUNYAN (P83671)
**RUNYAN LAW GROUP**
Attorneys for Plaintiff
31211 Jefferson Avenue
St. Clair Shores, MI  48082
P: (248) 341-0794
zrunyan@runyanlawgroup.com

There is no other civil action between these parties arising out of the same transactions or occurrences as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

## PLAINTIFF'S COMPLAINT

NOW COME Plaintiffs, Cyril Daniels, and Shilika Hurd, as Personal Representative of the Estate of Joshua Hurd, deceased, by and through their attorneys, **RUNYAN LAW GROUP**, and submits the following for their Complaint:

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over the federal claims raised this action pursuant to 28 U.S.C. §§ 1331 and 1343.

2.     Plaintiff seeks damages and declaratory relief to enforce federal rights under 42 U.S.C. § 1983. Plaintiff also seeks reasonable costs and attorney's fees under 42 U.S.C. §§ 1988 and 12205.

3.     This Court has jurisdiction to issue declaratory relief, and other relief under 28 U.S.C. §§ 2201 and 2202.

4.     Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in the City of Detroit, County of Wayne, State of Michigan

## **PARTIES**

5.     Plaintiff Cyril Daniels is a resident of the County of Wayne, State of Michigan.

6.     Plaintiff Shilika Hurd, as Personal Representative of the Estate of Joshua Hurd, deceased, is a resident of the City of Detroit, County of Wayne, State of Michigan.

7.     Defendant Officer Christopher Dodd[1], sued in his individual capacity, is a police officer employed by the Detroit Police Department and, by all information and belief, resides in the County of Wayne, State of Michigan.

8.     Defendant Sergeant Scott Barrick, sued in his individual capacity, is a police Sergeant employed by the Detroit Police Department and, by all information and belief, resides in the County of Wayne, State of Michigan.

---

[1] The Defendant Police Officers and Sergeants are collectively referred to as the "individual Defendants".

9.     Defendant Sergeant Sederick Dunbar, sued in his individual capacity, is a police sergeant employed by the Detroit Police Department and, by all information and belief, resides in the County of Wayne, State of Michigan.

10.     Defendant Officer Terrance Barmore, sued in his individual capacity, is a police officer employed by the Detroit Police Department and, by all information and belief, resides in the County of Wayne, State of Michigan.

11.     Defendant Officer Garnette Steen, sued in his individual capacity, is a police officer employed by the Detroit Police Department and, by all information and belief, resides in the County of Wayne, State of Michigan.

12.     Defendant Officer Brandon Yax, sued in his individual capacity, is a police officer employed by the Detroit Police Department and, by all information and belief, resides in the County of Wayne, State of Michigan.

13.     Defendant Officer Elmondo Smith, sued in his individual capacity, is a police officer employed by the Detroit Police Department and, by all information and belief, resides in the County of Wayne, State of Michigan.

14.     Defendant Officer Kairy Roberts, sued in his individual capacity, is a police officer employed by the Detroit Police Department and, by all information and belief, resides in the County of Wayne, State of Michigan.

15.     Defendant Officer Ryan Walden, sued in his individual capacity, is a police officer employed by the Detroit Police Department and, by all information and belief, resides in the County of Wayne, State of Michigan.

16.     Defendant Officer Lamar Harris, sued in his individual capacity, is a police officer employed by the Detroit Police Department and, by all information and belief, resides in the County of Wayne, State of Michigan.

17.     Defendant Officer Yousseif Berro, sued in his individual capacity, is a police officer employed by the Detroit Police Department and, by all information and belief, resides in the County of Wayne, State of Michigan.

18.     Defendant Officer Ellen Brow, sued in his individual capacity, is a police officer employed by the Detroit Police Department and, by all information and belief, resides in the County of Wayne, State of Michigan.

19.     Defendant Officer D. Chester, sued in his individual capacity, is a police officer employed by the Detroit Police Department and, by all information and belief, resides in the County of Wayne, State of Michigan.

20.     Defendant, City of Detroit, is a local public entity organized under the laws of the State of Michigan which operates, manages, and controls the City of Detroit Police Department

## FACTUAL ALLEGATIONS

21.     Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

22.     On or about August 1, 2021, Plaintiffs went to The Old Shillelagh on Monroe Street in Detroit's Greektown district.

23.     Plaintiffs exited Old Shillelagh around 2:00am.

24.     At the time Plaintiffs exited Old Shillelagh, there were several individuals gathering in and around Monroe Street near Old Shillelagh.

25.     There were also several City of Detroit Police Officers, including the individual Defendants, becoming very aggressive and violent with the individuals gathering in and around Monroe Street.

26.     For example, police officers were heard telling citizens standing on the city sidewalk that they were in the "knockout zone".

27.     Due to the aggressive behavior by the police officers, Plaintiffs began leaving the area.

28.     Plaintiffs were wearing face coverings, due, in part, to the Covid-19 pandemic.

29.     As Plaintiffs started to leave the area, they were confronted by the individual Defendants.

30.     Among other things, the individual Defendants accused Plaintiffs of being gang members, and even shouted at Plaintiffs, "Y'all Killers or Somethin?"

31.     As Plaintiffs continued to walk away from the area, Defendants continued following Plaintiffs.

32.     Then, without justification, Defendants Dunbar, Berro and Yax pushed Plaintiffs Daniels and Hurd, causing each of them to stumble backwards.

33.     Defendants then threw Plaintiffs to the ground.

34.     Once on the ground, the individual Defendants surrounded Plaintiff Daniels and repeatedly punched, kneed, and kicked Plaintiff Daniels in the face and mid-section.

35.     Additionally, the individual Defendants, including, but not limited to, Defendant Brow grabbed Plaintiff Daniel's feet, and violently twisted his ankles.

36.     At the same time Plaintiff Daniels was being beaten by Defendants, Defendants were also beating Plaintiff Hurd.

37.     The individual Defendants surrounded Plaintiff Hurd and repeatedly kicked, kneed, and punched Plaintiff Hurd in his chest, back, legs and midsection.

38.     As Defendants punched, kneed, and kicked Plaintiffs Daniels and Hurd, they taunted Plaintiffs by saying "Yeah Bitch" and "Shut up Bitch".

39.     Each individual Defendant participated in kicking, kneeing, and punching Plaintiffs once they were on the ground.

40.    The individual Defendants each kicked, kneed, and punched Plaintiff's despite Plaintiffs not committing any crimes, not posing any threat to the safety of Defendants or others, and not actively resisting arrest.

41.    Additionally, each individual Defendant had the opportunity to intervene and prevent the other Defendants from using excessive force but failed to do so.

42.    Plaintiffs were then unlawfully arrested and taken to jail by Defendants.

43.    Defendants did not have probable cause to believe that Plaintiffs had committed any crimes.

44.    As a result of Defendants' excessive force, Plaintiff Daniels sustained physical injuries including, but not limited to injuries to his ankles, legs, back, head, face, and shoulders.

45.    As a result of Defendants' excessive force, Plaintiff Hurd suffered physical injuries including, but not limited to, injuries to his back, head, face, wrists, legs, and ankles.

46.    Plaintiffs' injuries caused them to suffer from significant, severe, and persistent pain.

47.    Due to limited availability to medical care, Plaintiff Hurd attempted to control his pain by using drugs purchased on the black market.

48.    The drugs purchased on the black market caused Hurd to overdose.

49.     The overdose caused several medical complications that ultimately led to Hurd's death.

50.     But for the injuries caused by Defendants' excessive force, Hurd would not have overdosed on drugs purchased on the black market.

51.     As a result of Defendants' actions, Plaintiffs have suffered and will continue to suffer damages, including but not limited to the following:

    a.     Stress;

    b.     Humiliation;

    c.     Embarrassment;

    d.     Outrage;

    e.     Mental anguish;

    f.     Fear and mortification;

    g.     Emotional Damages;

    h.     Economic damages;

    i.     Non-economic Damages;

    j.     Attorney fees and costs;

    k.     Other damages to be discovered through the course of litigation

52.     Additionally, as a direct and proximate result of Defendants' violations of Joshua Hurd's civil rights, Hurd died and thus his estate, by the Personal Representative, Shilika Hurd, has and will continue to suffer damages in the future, which include, but are not limited to:

    a.     Reasonable funeral and burial expenses;

b.    Reasonable compensation for the pain and suffering undergone by Joshua Hurd while he was conscious during the time between his first symptoms and his death;

c.    Loss of financial support;

d.    Loss of service;

e.    Loss of gifts or other valuable gratuities;

f.    Loss of society and companionship; and

g.    Any and all other damages identified through the course of discovery otherwise available under the Michigan Wrongful Death Act, MCLA § 600.2922

## CLAIMS FOR RELIEF

### COUNT I
### EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION & 42 U.S.C. § 1983
*(Against Individual Defendants)*

53.    Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

54.    Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 alleging excessive force in violation of the Fourth and Fourteenth Amendments.

55.    The Fourth Amendment of the U.S. Constitution protected Plaintiffs from excessive force. The Fourteenth Amendment of the U.S. Constitution extends the Fourth Amendment's protections to the states.

56.     Defendants are "persons," as defined under 42 U.S.C. § 1983, and as agents of the City of Detroit and the Detroit Police Department, were acting under the color of state law at all times relevant to this action.

57.     By engaging in the above-described acts, Defendants, acting under color of law and with deliberate indifference, violated Plaintiffs' right under the Fourth Amendment to the U.S. Constitution to be free from excessive force.

58.     Plaintiffs' right to be free from excessive force as described herein was clearly established at the time Defendants took Plaintiffs into custody.

59.     Defendants acted intentionally, maliciously, and in reckless disregard of Plaintiff's rights.

60.     As a direct and proximate cause and consequence of the unconstitutional acts described above, Plaintiffs suffered and continue to suffer injuries, damages and losses as set forth herein.

61.     Plaintiffs are entitled to declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT II
## FALIURE TO INTERVENE VIOLATION PURSUANT TO 42 U.S.C. § 1983
### *(Against Individual Defendants)*

62.     Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

63.     Each individual Defendant observed the other individual Defendants engage in excessive force, unlawful arrests, unlawful searches, and unlawful seizures in violation of Plaintiffs' rights and had the ability and opportunity to intervene but chose not to.

64.     The individual Defendants had reason to know that excessive force, unlawful arrests, unlawful searches, and unlawful seizures would occur or were occurring, had the opportunity and the means to prevent the constitutional violations, but failed to do so.

65.     Each individual Defendant observed the other Defendants engaging in unconstitutional conduct as described herein and had the opportunity to prevent it, but chose not to.

66.     As a direct and proximate cause and consequence of the unconstitutional acts described above, Plaintiffs suffered and continue to suffer injuries, damages and losses as set forth herein.

67.     Plaintiffs are entitled to declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT III
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## ILLEGAL SEARCH AND SEIZURE AND UNLAWFUL ARREST IN
## VIOLATION OF THE FOURTH AND FOURTEENTH AMENEMDNETS
### *(Against all Individual Defendants)*

68.     Plaintiffs incorporate, by reference, each and every allegation as though fully stated herein.

69.     Plaintiffs brings this action pursuant to 42 U.S.C. § 1983 alleging illegal search, seizure, and arrest in violation of the Fourth and Fourteenth Amendments.

70.     The Fourth Amendment of the U.S. Constitution protected Plaintiffs from illegal search, seizure, and arrest. The Fourteenth Amendment of the U.S. Constitution extends the Fourth Amendment's protections to the states.

71.     Defendants searched and arrested Plaintiffs and transported them to jail.

72.     Defendants did not have probable cause or a lawful basis to search and arrest Plaintiffs.

73.     As a result of Defendants falsely arresting Plaintiffs, Plaintiffs spent the night in jail even though Plaintiffs were innocent of the alleged crimes with which they charged.

74.     Each individual defendant either participated in these violations or had the opportunity to and ability to intervene and chose not to.

75.     Said violations of Plaintiffs' rights were performed due to Defendant Detroit's written and unwritten policies, procedures, protocols, and customs.

76.    As a direct and proximate cause and consequence of the unconstitutional acts described above, Plaintiffs suffered and continue to suffer injuries, damages and losses as set forth herein.

77.    Plaintiffs are entitled to declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT IV
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## FAILURE TO SUPERVISE
### (Against Defendants Barrick and Dunbar)

78.     Plaintiffs incorporate, by reference, each and every allegation as though fully stated herein.

79.    A supervisor is individually liable in his personal capacity for the constitutional violations committed by his subordinates if he at least implicitly authorizes, approves, or knowingly acquiesces in the unconstitutional conduct of the subordinate.

80.    In this case, Defendants Barrick and Dunbar were at all pertinent times the direct supervisors of the other individual Defendants.

81.    By turning a willfully blind eye and/or participating in the unconstitutional conduct complain of herein, Defendants Barrick and Dunbar demonstrated that they at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct.

82.    Defendants Barrick and Dunbar are individually liable for the excessive

14

force, failure to intervene, and unlawful search, seizure, and arrest committed by their subordinates.

83. As a direct and proximate cause and consequence of the unconstitutional acts described above, Plaintiffs suffered and continue to suffer injuries, damages and losses as set forth herein.

84. Plaintiffs are entitled to declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT V
## *MONELL* LIABILITY IN VIOLATION OF 42 U.S.C. §1983
### *(Against the City of Detroit)*

85. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

86. Plaintiffs have been subjected to a deprivation of their constitutionally protected rights and privileges secured by the United States Constitution as set forth herein.

87. The foregoing rights were clearly established at the time of the violations.

88. The deprivations were caused by the series of deliberately indifferent policies, customs, and established practices, including inadequate training, by the City of Detroit, acting under the color of its statutory and legal authority, including but not limited to:

a. Implementing a policy and practice of imposing unnecessary and excessive force;

b. Improperly training, authorizing, encouraging or directing officers on proper use of force.

c. Failing to investigate allegations of excessive force.

d. Failing to discipline officers for violations of policy related to excessive force.

89.     These customs, policies, and practices of the City of Detroit Police Department, along with improper training, monitoring, instruction, direction, discipline, and supervision, were a moving force in the constitutional violations inflicted by the individual Defendants upon the Plaintiffs.

90.     This improper training, monitoring, instruction, direction, discipline, and supervision proximately caused the deprivation of Plaintiffs' constitutional rights.

91.     Plaintiffs' federal constitutional claims are cognizable under 42 U.S.C. §1983.

92.     As a direct and proximate result of the unconstitutional acts of the Defendants as alleged herein, Plaintiffs have sustained a violation of their rights under the law and, as a result, are entitled to declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## **DEMAND FOR RELIEF**

Plaintiffs request that this Court:

a.   Assert jurisdiction over this matter;

b.   Enter judgment in favor of Plaintiffs and against Defendants;

c.   Award Plaintiffs compensatory and punitive damages;

d.   Award costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and 12205; and

e.   Grant other appropriate relief.

Respectfully submitted,

/s/ *Zachary T. Runyan*
Zachary T. Runyan (P83671)
**Runyan Law Group**
31211 Jefferson Ave.
St. Clair Shores, MI 48082
(248)-341-0794

Dated:  July 29, 2024                         Zrunyan@runyanlawgroup.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYRIL DANIELS, and
SHILIKA HURD, Personal
Representative of the ESTATE of
JOSHUA HURD, deceased.

      Plaintiffs,                  Case No.
                                            Hon.

-vs-                                        Mag.

CITY OF DETROIT
OFFICER CHRISTOPHER DODD,
in his individual capacity, SERGEANT
SCOTT BARRICK, in his individual
capacity, SERGEANT SEDERICK
DUNBAR, in his individual capacity,
OFFICER TERRANCE BARMORE,
in his individual capacity, OFFICER
GARNETTE STEEN, in his individual
capacity, OFFICER BRANDON YAX,
in his individual capacity, OFFICER
ELMONDO SMITH, in his individual
capacity, OFFICER KAIRY ROBERTS,
in his individual capacity, OFFICER
RYAN WALDEN, in his individual capacity,
OFFICER LAMAR HARRIS, in his
individual capacity, OFFICER
YOUSSEIF BERRO, in his individual
capacity, OFFICER ELLEN BROW,
in his individual capacity and
OFFICER D. CHESTER, in his individual
capacity,
                  Defendants.

ZACHARY T. RUNYAN (P83671)
**RUNYAN LAW GROUP**
Attorneys for Plaintiff
31211 Jefferson Avenue
St. Clair Shores, MI  48082
P: (248) 341-0794
zrunyan@runyanlawgroup.com

## JURY DEMAND

Plaintiff, by and through counsel, hereby requests a trial by jury in the above-captioned matter.

Respectfully submitted,

/s/ *Zachary T. Runyan*
Zachary T. Runyan (P83671)
**Runyan Law Group**
31211 Jefferson Ave.
St. Clair Shores, MI 48082
(248)-341-0794

Dated:  July 29, 2024                    Zrunyan@runyanlawgroup.com